IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK07-42059-TLS |
| ) | |
| LARRY GENE BRACEY and ) | |
| DEBORAH LEIGH HOUGH, ) | |
| ) | CH. 13 |
| Debtor(s). ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on May 22, 2008, regarding Filing No. 77, Motion for Relief from Stay, filed by Kathy M. Magers and Rodney O. Newill, and Filing No. 89, Resistance, filed by the debtors. Bert E. Blackwell appeared for the debtors and Wayne Griffin appeared for the movants.

In 2003, the debtors purchased residential real estate and executed a promissory note and deed of trust in favor of the movants. They filed this Chapter 13 bankruptcy case in 2007 on the eve of foreclosure for failure to make payments. Shortly after the petition was filed, the movants filed a motion for relief from the automatic stay because the debtors had failed to make post-petition payments.

That motion for relief was denied. The debtors obtained confirmation of a plan that provided for full payment of the claim. Nonetheless, following confirmation, they once again became behind in payments. The debtors' evidence is that the reason they got behind the first time was that a motorcycle accident injured Mr. Bracey and he was unable to work for a period of time. The reason they got behind this time is that Mr. Bracey has a seasonal job which runs from April through October and they simply came up short during the winter.

They now have paid the April 1, 2008, regular payment of $500, and have paid the additional $1,000 required in the promissory note to be paid on April 1 each year. In addition, they provided a small amount of money which they considered for a late charge.

The debtors have not made the May payment. Counsel for the debtors argues that they will be able to make the May payment by June 1, 2008, but they will not be able to make the June payment. The debtors have interpreted the note and deed of trust to grant them a 30-day grace period for each payment. Apparently, at one time, there was an oral agreement that allowed such a grace period. There is nothing in the loan documents that provides for a grace period.

IT IS ORDERED: A final ruling on this motion is deferred. The debtors are to make a regular payment by June 1, 2008. They are to become fully current by July 1, 2008. In addition to making the regular payments to bring the post-petition delinquency current by July 1, 2008, they must also pay, by July 1, 2008, $450 to reimburse the movants for their attorney fees and filing fee. If the debtors fail to comply with the strict terms of this order, upon the filing of an affidavit by counsel for the movants, relief from the automatic stay shall be granted. If they do comply, counsel for the movants is requested to notify the court so that this motion may be terminated.

DATED:    May 27, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Bert E. Blackwell        *Wayne Griffin
    Kathleen Laughlin        U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.